UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 4:16-CV-10026-JLK

NICOLE GERSBECK,

    Plaintiff,

v.

ISLAMORADA ASSET MANAGEMENT, INC.
d/b/a KEY DIVES; THE RECEIVERSHIP OF
ISLAMORADA ASSET MANAGEMENT, INC.;
and DAVID A. CHAMPAGNE,

    Defendants,

LEXINGTON INSURANCE COMPANY,

    Garnishee.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Plaintiff Nicole Gersbeck's Motion for Partial Summary Judgment (DE #99), filed on September 5, 2018, arguing that her injury is covered by the Dive Boat Policy that Garnishee Lexington Insurance Company issued to Defendant Islamorada Asset Management, Inc. (Policy No. 02346245), effective from July 22, 2013 through July 22, 2014 (DE #99, at 5). A Response in Opposition was due from Lexington Insurance Company on September 19, 2018; none was filed.[1] Accordingly, this matter is ripe for disposition.

---

[1] On July 20, 2018, Lexington initiated a separate complaint (now Case No. 4:18-cv-10118-JLK) against Gersbeck, Counts I-III and V of which request declaratory relief on the same issue, arguing that Plaintiff's injury is not covered by the same insurance policy at issue in this case (*see* Case No. 4:18-cv-10118-JLK, DE #1, ¶ 26). Count IV regards former Defendant in this case M&M Ventures Inc. (terminated March 1, 2018), "to the extent M&M seeks indemnification" in the future (Case No. 4:18-cv-10118-JLK, DE #1, ¶ 77). Garnishee's separately-filed complaint

1

## BACKGROUND

Plaintiff Nicole Gersbeck worked as a SCUBA diving instructor on a boat owned by Defendant Islamorada Asset Management, Inc. ("Islamorada Asset") operating out of Islamorada in the Florida Keys (DE #99, at 3). While on a dive as an instructor on July 1, 2014, she developed decompression sickness symptoms (*id.*) She reported the symptoms to the dive boat captain, who still instructed her to return to the water for a second dive, during which the symptoms worsened (*id.*). Gersbeck was eventually taken to a hospital, where she was diagnosed with decompression sickness, resulting in permanent motor and brain injuries (*id.* at 3–4). During Plaintiff's July 1, 2014 dives, Islamorada Asset was insured under a Dive Boat Liability Insurance Policy ("Policy") issued by Lexington Insurance Company ("Lexington"), specifically Policy No. 023462645, covering July 22, 2013 through July 22, 2014 (*id.* at 4; *see* DE #99-3). The Policy has several endorsements, including Endorsement #003, titled "Crew Coverage Endorsement (in water)" (DE #99-3, at 17).

Plaintiff brought the instant suit for her injuries on May 11, 2016 (DE #1). She later settled with Defendants Islamorada Asset and David Champagne for $2.5 million, resulting in a Consent Judgment entered by the Court on June 15, 2018 (DE #90). The Consent Judgment stipulated that the "judgment may only be satisfied from liability insurance policies in force at the time of the incident" (*id.*). On July 26, 2018, the Court issued a Writ of Garnishment on Lexington referencing the Policy (DE #93); on August 16, 2018, Lexington answered and motioned to dissolve and/or stay the writ of garnishment pending determination of their related

---

selectively omits any mention of Endorsement #003 (*see* DE #1), which is the basis for Plaintiff's coverage as discussed *supra*, despite it being included in the certified copy of the Policy offered by Garnishee as Exhibit C (*see* DE #1-4).

2

declaratory judgment action (DE #96).[2] In its Answer to the Writ of Garnishment, Lexington denies that the Policy covers the "damages awarded against [Islamorada Asset] in the Consent Judgment" (DE #96, ¶ 1). On September 5, 2018, Plaintiff motioned for partial summary judgment on the issue of her injury's coverage under the Policy (DE #99).

## LEGAL STANDARD

Summary judgment is appropriate where there is "no *genuine* issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (emphasis added); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). An issue is genuine a reasonable jury could return a verdict for the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996). A fact is material if it may affect the outcome of the case under the applicable substantive law law. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). If there is a conflict between the parties' evidence, the nonmoving party's evidence is presumed true and all reasonable inferences are drawn in the nonmoving party's favor. *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder could draw more than one inference from the facts, creating a genuine issue of material fact, summary judgment should not be granted. *Samples ex rel. Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988). However, if the nonmovant's response consists of conclusory allegations, summary judgment is not only proper, but required. *Morris v. Ross*, 663 F.2d 1032, 1034 (11th Cir. 1981).

---

[2] As Plaintiff notes in her Response in Opposition (DE #98), Lexington's Motion to Dissolve the Writ of Garnishment (DE #96) offers "no substantive reason to [dissolve the writ] except its own statement that there is no coverage under [the Policy] at issue" (*id.* at 4). That is the same issue before the Court here.

## DISCUSSION

Florida law is clear that, where an endorsement conflicts with a provision in the body of an insurance policy, "the endorsement controls."[3] *Allstate Fire & Cas. Ins. Co. v. Hradecky*, 208 So. 3d 184, 187 (Fla. 3d DCA 2016); *Swire Pac. Holdings Inc. v. Zurich Ins. Co.*, 284 F.3d 1228, 1234 (11th Cir. 2002). Moreover, conflicting provisions in an insurance policy must be resolved in favor of maximum coverage. *See, e.g., Dyer v. Nationwide Mut. Fire Ins. Co.*, 276 So. 2d 6 (Fla. 1973); *Embroidme.com, Inc. v. Travelers Prop. Cas. Co. of Am.*, 992 F. Supp. 2d 1259, 1263 (S.D. Fla. 2014) (citing *Dyer & Aromin v. State Farm Fire & Cas. Co.*, 908 F.3d 812, 813 (11th Cir. 1990)).

Here, Section B, part 2, paragraph A of the Policy excludes "claims for Bodily Injury . . . occurring anywhere other than actually on board the Insured Vessel or the Insured Vessel's dive platform or boarding ladder" ((DE #99-3, at 7). It states that "[i]n no event does this policy extend to or provide coverage for any claims for Personal Injury . . . for any person(s) actually in the water" (*id.* at 7–8). However, Endorsement #003 amends the same provision of the Policy (Section B, part 2, paragraph A) and clearly and succinctly adds: "This exclusion does not apply to crewmembers while in the water and performing crew duties (*id.* at 17). Moreover, Endorsement #003 *deletes* the following wording from "Section F – GENERAL CONDITIONS": "Excluding any claim for bodily injury and death occurring while in the water or in connection with any water activity" (*id.*). Therefore, Endorsement #003 does not conflict with the body of the Policy; rather, the endorsement expressly amends provisions within the body in favor of crewmembers in the water and performing crew duties. Nicole Gersbeck, as a

---

[3] The Court has jurisdiction under diversity of citizenship, and so applies the substantive law of Florida, *see Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); the Court also jurisdiction under admiralty law and the Policy is a marine policy, and so applies the substantive law of Florida, *see, e.g., All Underwriters v. Weisberg*, 222 F.3d 1309, 1313 (11th Cir. 2000).

SCUBA diving instructor on the Islamorada Asset dive boat, was a crewmember in the water performing crew duties in both of her dives that resulted in the decompression sickness that caused her injuries. Accordingly, her injuries are covered by the Policy.

Finally, despite arguments Garnishee has put forth at various times (*see* DE #99, at 14–15), the Certificate of Insurance (DE #99-5) is not relevant in interpreting the Policy. It expressly states on each of its two pages that "[t]his certificate does not amend, alter or extend the coverage afforded by the policy referenced" (*id.*).

## CONCLUSION

Therefore, Nicole Gersbeck's injury is covered by the Dive Boat Policy that Lexington Insurance Company issued to Islamorada Asset Management, Inc. Accordingly, it is **ORDERED, ADJUDGED, and DECREED** that:

1. Plaintiff's Motion for Partial Summary Judgment **(DE #99)** is hereby **GRANTED**;

2. Garnishee Lexington Insurance Company's Motion to Dissolve and/or Stay Writ of Garnishment Pending Determination of Declaratory Judgment Action **(DE #96)** is hereby **DENIED** as moot; and

3. The Clerk shall **CLOSE** the related case *Lexington Ins. Co. v. Gersbeck* (Case No. 4:18-cv-10118-JLK) and **DENY** all pending motions in that case as moot.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, on this 28th day of September, 2018.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc: **All counsel of record**

5